UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEHNAM HALALI, ERNESTO MAGAT, KRAIG JILGE and KAREN GAGARIN,<br><br>Defendants. | Case No. 14-cr-00627-SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On January 17, 2017, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 13, 2017. All parties were represented by counsel. At the outset of the conference, counsel for the government and for defendant Kraig Jilge stated that Mr. Jilge intends to plead guilty next week, on January 25, 2017, whereupon Mr. Jilge was excused from the pretrial conference.

The trial defendants will include Messrs. Halali and Magat and Ms. Gagarin. The following trial matters were resolved:

**1.     Trial schedule:** The parties expect that the case will take 5 weeks to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Fridays). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

**2.     Number of jurors and challenges:** There will be a jury of twelve members, plus 4 alternate jurors. The government shall have nine peremptory challenges, the defendants shall

have ten joint peremptory challenges and one separate challenge for each defendant (total of thirteen).

**3.     Voir dire:**  The jury office has mailed to potential venire members availability questionnaires, which are due to be returned to the jury office by January 20, 2017; the Court will rule on statements of unavailability, to the extent practicable, based on these responses. All other potential jurors will be ordered to appear in the jury office on Monday, February 13, 2017, to fill out the questionnaire approved by the Court (filed separately). Potential jurors will be ordered to return on Wednesday, February 15, 2017 at 9:00 a.m. to begin voir dire in open court. The Court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case, together with a summary of the criminal charges in the case (conspiracy, wire fraud, money laundering and identity theft) which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, February 10, 2017.**

**4.     Jury instructions:**  The Court received proposed jury instructions from the government and from defendants. The parties are directed to meet and confer to resolve any disputes as to the requested instructions, and to provide the Court **by Friday, February 10, 2017** with any agreed-upon revisions to the standard Ninth Circuit instructions. The Court will review same and undertake to inform counsel prior to conclusion of the evidence which substantive instructions will be given.

**5.     Trial exhibits:**  No later than Friday, February 10, 2017, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with two sets (the originals for the file and one set for the Court), and the defendants with one joint set, either in binders or on disk.

**6.     Motions in limine:**

**United States' motions in limine**

1.     <u>Wells Fargo</u>: The government moves to preclude the defendants from arguing that the Wells Fargo bank accounts at issue in this case were opened without their knowledge unless and until they make an evidentiary proffer to the Court, outside the presence of the jury, supporting such argument.  GRANTED, barring offer of proof approved by the Court.

2.     <u>Reference to sentence or punishment</u>: The government requests that the Court give Ninth Circuit Model Instruction Number 7.4, instructing the jury to not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt, and to preclude as irrelevant and prejudicial any reference by the defense to defendants' potential sentence during all phases of the trial.  GRANTED.  However, defendants are not precluded from cross-examining cooperating witnesses regarding their potential sentences, or from remarking on the seriousness of the crimes charged.

**Defendant Gagarin's motions in limine**

1.     <u>Exclude evidence under FRE 404(b)</u>: Government states it does not seek to admit any 404(b) evidence against Gagarin.  Hence the motion is DENIED AS MOOT.

2.     <u>Preclude introduction of any evidence related to pending civil case Jatoft-Foti Insurance Agency v. Halali et al., 2012-1-CV-233118</u>:  This civil case pending in Santa Clara Superior Court was filed by the insurance agency for which these defendants formerly worked, and alleged (inter alia) that the defendants and others stole trade secrets after they left the insurance agency. Defendant Gagarin argues that these allegations of theft of trade secrets bear no relation to the fraud alleged in this indictment.  The government states that the Court should allow admissions of defendants' statements made in the civil case (Gagarin submitted a sworn

3

declaration, Halali and Magat testified under oath at an evidentiary hearing, Magat also signed sworn discovery responses), as opposing party statements. Defendant Halali states that the fact that the civil case is pending, and was stayed after the criminal case was filed, could reflect on the bias of any Jatoft-Foti witnesses at trial. The Court will allow the parties to refer to the civil lawsuit as "a civil lawsuit" filed by Jatoft-Foti against these defendants, but any other reference or question must first be presented to the Court on an offer of proof before being presented to the jury. Any written statements of defendants must be presented to the Court for consideration before being presented to the jury.

3.  Provide a preliminary instruction regarding the law of conspiracy (Ninth Circuit Model Jury Instruction 8.20, Conspiracy Elements): Defendant Gagarin requests that the Court instruct on conspiracy at the outset of the trial. The government states that if the Court provides a conspiracy instruction, the Court should provide instructions on all of the charged offenses. The Court will pre-instruct on all offenses. As set out in paragraph 3 (voir dire), above, the parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case, together with a summary of the criminal charges in the case (conspiracy, wire fraud, money laundering and identity theft) which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, February 10, 2017.**

4.  Unnoticed Expert Testimony: Defendant Gagarin filed a motion in limine concerning the government's summary witness. The government states that this case involves voluminous business records as the defendants used 573 different bank accounts in their names to fund insurance policies in the names of others, and agents working under the defendants used an additional 125 bank accounts. For all insurance policies funded by accounts in the names of the defendants or agents working under them, the summary charts will list: the policy number, the policy applicant, the applicant's address and telephone number, the date of the application, the monthly premium amount in the annual premium amount, the date the policy was paid through,

the bank account that the premiums were paid from, the owner of the bank account paying the policy, the number of accounts in each defendant's name, as well as the agents working under them. The government states that the information from the summaries is drawn exclusively from business records of AIL and banks made available in discovery to the defense. At the pretrial conference, defendant's objection to the summary witness was withdrawn, provided that no expert-type opinions are offered by the summary witness. Under these circumstances, the motion is DENIED as moot.

5. <u>Exclude documents not yet produced in discovery and compliance with Rule 16(D)(2)</u>: At the pretrial conference, the government was ordered to identify for defendants any newly-produced documents it intends to use in its case in chief by January 27, 2017. Further, if the government obtains additional evidence it must immediately produce it to defendants.

6. <u>Defense investigator to be designated a case agent</u>: Pursuant to FRE 615, defendant seeks to designate investigator Catherine Goulet as a "case agent" so that she may be permitted to remain in the courtroom throughout trial. The government does not oppose this motion, and it is GRANTED.

7. <u>Exclude witnesses not designated as case agent and order government's case agent to testify first</u>: The government agrees that the Court should exclude witnesses other than those designated as case agents, and it is so ORDERED. However, the government may call its case agent whenever it deems it appropriate.

8. <u>Production of grand jury transcripts</u>: The government shall produce all extant trial witness grand jury transcripts by January 20, 2017.

9. <u>Designate all government witnesses as under defense subpoena unless released</u>: The government does not oppose this motion, and it is GRANTED.

10. <u>Presentation of indictment to the jury</u>: Defendant requests that the court not allow the government to present the indictment to the jury. The government agrees that the indictment

should not be presented to the jury, and the motion is DENIED as moot.

11.  Production of *Henthorn*, *Brady*, *Giglio*, and *Jencks* materials: At the pretrial conference, the government was ordered to identify for defendants any newly-produced documents it intends to use in its case in chief by January 27, 2017, and to provide 302's and *Jencks* statements by the same date. Further, if the government obtains additional evidence it must immediately produce it to defendants. Additionally, the government states it will comply with all of its *Henthorn*, *Brady*, *Giglio*, and *Jencks* obligations.

**Defendant Magat's motions in limine (joined by Halali)**

1.  Soundara's plea agreement: Neither Soundara's nor Jilge's plea agreement will be admitted absent further order of the Court.

2.  Co-conspirator statements: At the pretrial conference, the government was ordered to provide advance notice to the defendants identifying the co-conspirator statements it seeks to admit by January 27, 2017. Defendants may file any objections to these statements by February 3, 2017.

3.  Allegations of misconduct at Massachusetts Mutual or Forster's insurance companies: The government does not intend to introduce any evidence on these topics; the motion is DENIED as moot.

4.  Impeaching witnesses with prior inconsistent statements: No specific relief was sought in this motion.

5.  Striking introductory allegations of the indictment as surplusage: This motion is DENIED AS MOOT since the government does not seek to introduce the indictment into evidence.

6

**Defendant Halali's motion in limine**

<u>Motion to exclude "ambiguous statements by defendant Behnam Halali elicited from him by unindicted co-employee Matt Batti"</u>: Ruling on this motion is deferred until time of trial, at which point the parties must address the question of the legality/admissibility of the referenced tape recording.

**7.     Conflict waiver by Halali:** At the pretrial conference, defendant Jilge indicated his intention to plead guilty in this action and to testify at trial. The government informed the Court that counsel for defendant Halali, Mr. Ali Moghaddami, had previously represented Mr. Jilge, and requested that the Court conduct an in-camera colloquy with defendant Halali and Mr. Moghaddami. The Court did so, and is satisfied that the prior representation has created no disabling conflict and that defendant Halali, having been informed of the situation, has waived any possible conflict.

IT IS SO ORDERED.

Dated: January 18, 2017

_____
SUSAN ILLSTON
United States District Judge