UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEHNAM HALALI, *et al.*,<br><br>Defendants. | Case No. 14-cr-00627-SI-1<br><br>**ORDER RE: PRETRIAL MATTERS**<br>Re: Dkt. Nos. 115, 132, 134, 139 |

On February 15, 2017, the Court held a hearing regarding various pending motions and matters to be resolved in advance of trial. This order memorializes the Court's rulings on those matters.

The Court OVERRULES defendants' hearsay and relevance objections to the government's proposed summary exhibit. The Court finds that if the government provides a certification or testimony demonstrating that the underlying records are admissible under Rule 803(6) and Rule 902(11), the summary exhibit is admissible.

The Court DENIES defendant Halali's motion to exclude the recorded statement by Matthew Betti. As discussed at the hearing, the government shall excise the extraneous parts of the recording. The issues raised by defense counsel regarding the circumstances of how the recording was made can be explored on cross-examination of Mr. Betti.

The Court DENIES defendant Gagarin's motion to exclude the evidence recently produced by the government (Marion Magat's emails). The Court finds that the government did not violate the Court's pretrial order, and that Gagarin has not shown prejudice sufficient to warrant exclusion of this evidence. The Court also DENIES defendant's request to exclude testimony by the government's proposed witness, Tanya Silva.

The Court OVERRULES defendants' objections to the government's organizational chart that the government intends to use in its opening statement.

Defendants shall endeavor in good faith to inform the government by February 27, 2017, of any witnesses and exhibits that defendants intend to use at trial. If defendants find that they cannot meet this deadline, defendants shall inform the Court and the government.

The parties appear to be in agreement that neither the government nor the defense intends to question witnesses regarding any alleged misconduct by defendants or witnesses at Massachusetts Mutual. However, if any party does explore this topic, the Court will revisit the question of whether additional testimony regarding alleged misconduct at Massachusetts Mutual should be admitted.

Finally, if any party presents a witness who may invoke his or her Fifth Amendment rights, counsel are instructed that any such invocation must be made outside the presence of the jury.

**IT IS SO ORDERED**.

Dated:   February 15, 2017

_____
SUSAN ILLSTON
United States District Judge