UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BEHNAM HALALI, ERNESTO MAGAT, and KAREN GAGARIN,<br><br>    Defendants. | Case No. 14-cr-00627-SI-1<br><br>**JURY INSTRUCTIONS** |

## INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

# INSTRUCTION NO. 3

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

# INSTRUCTION NO. 4

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

# INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from Marion Magat and Ha Nguyen, witnesses who received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted.

You also have heard testimony from Matthew Betti and Melissa Gilroy, witnesses who received immunity. That testimony was given subject to an order that the testimony will not be used against the witness.

You also have heard testimony from Kraig Jilge and Alomkone ("Alex") Soundara, witnesses who pleaded guilty to crimes arising out of the same events for which the defendants are on trial. These guilty pleas are not evidence against the defendants, and you may consider them only in determining these witness' believability.

For these reasons, in evaluating the testimony of Marion Magat, Nguyen, Betti, Gilroy, Jilge and Soundara, you should consider the extent to which or whether the witness's testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Marion Magat, Nguyen, Betti, Gilroy, Jilge and Soundara with greater caution than that of other witnesses.

In addition, Matthew Betti testified that he was convicted of grand theft. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness. You are not to consider Mr. Betti's conviction as evidence against the defendants.

## INSTRUCTION NO. 10
## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

## INSTRUCTION NO. 11
### SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

### INSTRUCTION NO. 12
### STATEMENTS BY DEFENDANTS

You have heard testimony that one or more defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

### INSTRUCTION NO. 13
### CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# INSTRUCTION NO. 14
## CONSPIRACY—ELEMENTS

The defendants are charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. Count One charges that from in or about September 2011, through in or about February 2012, the defendants, did knowingly and willfully conspire and agree with each other, and with other persons, to devise, participate in, and execute a scheme to defraud AIL, and to obtain money from AIL by means of materially false and fraudulent pretenses, representations, and promises, and by omitting and concealing material facts. It is charged that the defendants executed the scheme by, among other things, submitting applications for life insurance on behalf of individuals who did not know that a policy was applied for or issued in their name and/or did not want a life insurance policy, and then shared the commissions and bonuses issued by AIL in connection with those fraudulent policies. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about September 2011, and continuing through at least in or about February 2012, there was an agreement between two or more persons to commit wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. 15

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in Instruction No. 14 existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

## INSTRUCTION NO. 16

## CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

### INSTRUCTION NO. 17
### CONSPIRACY—LIABILITY FOR SUBSTANTIVE
### OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of wire fraud as charged in Counts Two through Fifteen of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Counts Two through Fifteen of the indictment committed the crime of wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, that defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Fifteen was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by that defendant to be a necessary or natural consequence of the unlawful agreement.

**INSTRUCTION NO. 18**

**WIRE FRAUD (18 U.S.C. § 1343)**

The defendants are charged in Counts Two through Fifteen of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

Count Two relates to a wire transfer of $398.60 on or about December 5, 2011.

Count Three relates to a wire transfer of $354.68 on or about December 12, 2011.

Count Four relates to a wire transfer of $377.67 on or about December 19, 2011.

Count Five relates to a wire transfer of $401.60 on or about November 15, 2011.

Count Six relates to a wire transfer of $409.94 on or about November 25, 2011.

Count Seven relates to a wire transfer of $387.20 on or about December 5, 2011.

Count Eight relates to a wire transfer of $429.42 on or about October 11, 2011.

Count Nine relates to a wire transfer of $400.86 on or about October 24, 2011.

Count Ten relates to a wire transfer of $279.05 on or about November 3, 2011.

Count Eleven relates to a wire transfer of $364 on or about November 7, 2011.

Count Twelve relates to a wire transfer of $378.34 on or about November 7, 2011.

Count Thirteen relates to a wire transfer of $396.90 on or about October 31, 2011.

Count Fourteen relates to a wire transfer of $109.42 on or about November 18, 2011.

Count Fifteen relates to a wire transfer of $395.30 on or about November 21, 2011.

In order for a defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole. A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material transmitted by wire was itself false or deceptive so long as the wire communication was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

### INSTRUCTION NO. 19

### SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' reasonably foreseeable actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

# INSTRUCTION NO. 20

## FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS—AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A)

Defendant Halali is charged in Count Twenty-One of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. Count Twenty-One relates to the transfer, possession, or use of a means of identification of Eleanor Hale in connection with the issuance of a life insurance policy.

Defendant Magat is charged in Count Twenty-Two of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. Count Twenty-Two relates to the to the transfer, possession, or use of a means of identification of Victoria Mosqueda in connection with the issuance of a life insurance policy.

Defendant Gagarin is charged in Count Twenty-Four of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. Count Twenty-Four relates to the to the transfer, possession, or use of a means of identification of Melissa Gilroy in connection with the issuance of a life insurance policy.

In order for the defendants to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to the Conspiracy to Commit Wire Fraud, charged in Count One of the indictment, or Wire Fraud, charged in Counts Two through Fifteen of the indictment.

The Government need not establish that the means of identification of another person was stolen.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or

1 identification number, alien registration number, government passport number, employer
2 identification number or taxpayer identification number.

## INSTRUCTION NO. 21
## AIDING AND ABETTING

A defendant may be found guilty of wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of wire fraud, in violation of 18 U.S.C. § 1343, or aggravated identity theft, in violation of 18 U.S.C. § 1028A, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, wire fraud or aggravated identity theft was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of wire fraud or aggravated identity theft;

Third, the defendant acted with the intent to facilitate wire fraud or aggravated identity theft; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud or aggravated identity theft.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**INSTRUCTION NO. 22**

**KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. 23**

**ON OR ABOUT—DEFINED**

The offenses charged in Counts Two through Fifteen and Twenty-One through Twenty-Four are alleged to have been committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in Counts Two through Fifteen and Twenty-One through Twenty-Four, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**INSTRUCTION NO. 24**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 25**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked

or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### INSTRUCTION NO. 26
### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### INSTRUCTION NO. 27
### JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. 28

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## INSTRUCTION NO. 29

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.