1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BEHNAM HALALI,

Defendant.

Case No. 14-cr-00627-SI-1

**ORDER GRANTING BEHNAM HALALI'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE EFFECTIVE OCTOBER 27, 2023**

Re: Dkt. No. 372

On July 10, 2023, defendant Behnam Halali filed a renewed motion for early termination of supervised release. Halali has completed approximately two years of a three-year term of supervised release. As with his previous motion, Halali discusses the various educational, substance and behavioral modification courses that he completed while he was incarcerated, including his successful completion of RDAP. He also states that he is a "very different man" than he was when he committed the offenses in this case, and that he is "trying to do the right thing and be a good person." Mtn. at 4. Halali states that he previously held a license as a real estate broker and that he would like to regain his license, but being on supervised release is an obstacle to that process. Halali argues that termination of supervised release will save resources and allow Probation to focus on offenders who pose the greatest risk of recidivism.

Probation and the government oppose early termination of supervised release, noting Halali's role in organizing the insurance fraud scheme and because he has an outstanding restitution balance of $2,453,310.12.[1] However, they do not dispute that Halali has performed well and without incident on supervised release, and that he has not required any services while on supervision.

---

[1] Halali's restitution obligation is joint and several with his co-defendants.

18 U.S.C. 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a) "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e) (1). When determining whether the defendant's conduct and the interest of justice warrant early termination of supervised release, the court "enjoys discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The burden is on the defendant, as the party receiving the benefit of early termination, to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

After considering the record in this case, the Court finds it appropriate to grant Halali's motion effective October 27, 2023, at which point he will have completed approximately two years and four months of supervised release. The July 12, 2023 letter from Probation states that Halali has maintained a stable residence, is currently employed, and has been in compliance with all conditions of supervision. With regard to restitution, the Court notes that approximately $386,781.81 in payments have been made as of July 27, 2023. Halali's motion states that he has making restitution payments of $1,000 per month, and the Court expects that he will continue to honor his restitution obligations. Under these circumstances, early termination of supervised release is in the interest of justice and warranted by Halali's good conduct.

**IT IS SO ORDERED**.

Dated: July 28, 2023

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2